Stephen C. **FREEMAN**, Plaintiff–Appellant,

v.

**SIKORSKY AIRCRAFT CORPORATION,** Defendant–Appellee.

No. 04–2986–CV.

United States Court of Appeals, Second Circuit.

Nov. 3, 2005.

Stephen C. Freeman, Bridgeport, CT, for Plaintiff–Appellant, pro se.

Edward J. Dempsey, United Technologies Corporation, Hartford, CT, for Defendant–Appellee.

Present: WINTER, POOLER, and SOTOMAYOR, Circuit Judges.

92

## SUMMARY ORDER

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED.**

Stephen C. Freeman ("Freeman") appeals a May 6, 2004 motion to dismiss granted by the United States District Court for the District of Connecticut (Goettel, *J*). We assume the parties' familiarity with the facts, procedural history, and specification of issues on appeal.

We hold that the district court correctly dismissed Freeman's complaint asserting violations of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, and the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.*, because Freeman was barred by *res judicata* from asserting the same claims of which the district court had already disposed through summary judgment in a prior action.

The affirmative defense of *res judicata* may be raised in a Rule 12(b)(6) motion "when all of the relevant facts are shown by the court's own records." *Day v. Moscow,* 955 F.2d 807, 811 (2d Cir.1992). Principles of *res judicata* prohibit the litigation of a claim that has already been decided on the merits. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Furthermore, the *res judicata* effect of a prior judgment is not undermined by the fact that the decision may have "rested on a legal principle subsequently overruled in another case." *Id.*

A review of Freeman's complaint reveals that he is raising the precise issues, arising from the same events, as his first complaint on which the district court granted summary judgment. Accordingly, the district court did not err by dismissing Freeman's second complaint as barred by *res judicata.* Additionally, the fact that *Desert Palace v. Costa,* 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003), may have altered the employment-discrimination framework is of no moment because this case was decided after Freeman's first complaint was dismissed. *See Federated Dep't Stores,* 452 U.S. at 398, 101 S.Ct. 2424. Finally, because dismissal in the instant case was proper, Freeman's argument that the district court erred by failing to transfer the case to a different judge is moot. *See Faulkner v. Nat'l Geographic Enters., Inc.,* 409 F.3d 26, 42 n. 10 (2d Cir.2005).

Accordingly, for the reasons set forth above, the judgment of the District Court is hereby **AFFIRMED.**